UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| BENNIE L. GAMBLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-CV-79-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | **MEMORANDUM OPINION** |
| AMERICA, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Bennie L. Gamble, Jr., is an inmate confined in Northpoint Training Center in Burgin, Kentucky. Proceeding without counsel, Gamble has filed a civil rights complaint asserting claims under 42 U.S.C. § 1983. Gamble's claims stem from events which allegedly occurred between May 3, 2011, and July 2, 2012, while he was confined in the Otter Creek Correctional Complex ("OCCC") in Wheelwright, Kentucky.[1]

Because Gamble is pursuing this action against government officials, the complaint must be screened to determine whether it must be dismissed because its claims are frivolous or malicious, fail to state a claim upon which may be granted, or seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A. Because Gamble has failed to state a claim upon

---

[1] The named defendants are: (1) Corrections Corporation of America ("CCA"); (2) Grady Perry, OCCC Warden; (3) Lanna Baker; (4) Nolan Newsome; (5) Teresa Esque, OCCC Accounts Clerk; (6) Rebecca Randolph, OCCC Legal Office Clerk; (7) David Frye; (8) Linda Little, Secretary to the OCCC Warden;  (9) Morgan Newsome, OCCC Records Officer; (10) Lt. Troy Wilson; and (11) Charlotte Klutey.

which relief can be granted, his § 1983 complaint will be dismissed, and judgment will be entered in favor of the defendants.

## BACKGROUND

Gamble states that on May 3, 2011, he received a Resident Report Card ("RRC") issued by the Kentucky Department of Corrections ("KDOC"), and that the RRC not only contained an allegedly erroneous minimum expiration date, but also referred to a state criminal sentence of his which the Kentucky Supreme Court had previously reversed.  When Gamble notified several OCCC defendants of the alleged errors, none of them would correct the RRC and instead instructed him to file a grievance concerning the issue.  Gamble states that he filed an administrative grievance objecting to the RRC and alleging unlawful imprisonment, but that his grievance was denied.  When he complained further about the alleged errors in the RRC, a KDOC official informed him that he would have to hire a lawyer and file a petition for writ of habeas corpus.

Gamble argues that because the Kentucky Supreme Court reversed his conviction in February 2002, the criminal indictment had no force and effect and his subsequent guilty plea in December 2002 was "void."  He alleges that the defendants have kidnaped him, unlawfully imprisoned him, and are holding him in "peonage" in violation of his constitutional rights under federal and state law and numerous state law tort theories.  Gamble seeks $1 billion in damages from the defendants.

Gamble provided little information about the state court conviction which he is currently serving and which he claims was inaccurately represented in the RRC. The attachments to Gamble's complaint, combined with public information found in PACER, the federal judiciary's electronic database, reveal that on May 13, 1999, Gamble was found guilty of capital murder and first-degree robbery in the McCracken Circuit Court, and was sentenced to life in prison.  Gamble appealed, and

2

the Kentucky Supreme Court reversed his conviction and remanded the case for a new trial. *Gamble v. Commonwealth of Kentucky*, 68 S.W.3d 367 (Ky. 2002). On October 29, 2002, Gamble entered into a plea agreement, which he did not appeal, and on December 16, 2002, he was sentenced in the McCracken Circuit Court to a 27 ½ year prison term. [R. 1-14, pp. 1-2]

On August 1, 2011, Gamble filed a petition for a writ of habeas corpus in the Floyd Circuit Court, arguing that the indictment was defective and that his conviction was void *ab initio*. The Floyd Circuit Court determined that Gamble's allegations were "totally without merit" and denied his petition. [R. 1-6, p. 1] The Kentucky Court of Appeals affirmed, stating that ". . . the indictment clearly alleged that Gamble committed the offenses of murder and first-degree robbery on or about September 17, 1997. Gamble fails to identify what defects, if any, are contained in his indictment ruling." [R. 1-12, pp. 1-2]

On September 19, 2011, Gamble filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his guilty plea resulted from unlawful inducement, double jeopardy, and ineffective assistance of counsel. *United States v. Gamble*, No. 5:11-CV-159-TBR (W.D. Ky. 2011). The court dismissed Gamble's § 2254 petition and denied him a certificate of appealability, finding that because the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (2) had not been tolled, his petition was time-barred, and that Gamble had not exhausted all of his state court remedies prior to seeking federal habeas relief. *Gamble v. Perry*, 2012 WL 1227066, at *2-3 (W.D. Ky. April 11, 2012).

After the dismissal of his § 2254 petition, Gamble filed not only this § 1983 action seeking damages from the OCCC defendants and the CCA, but also three other §1983 civil rights actions in the United States District Court for the Western District of Kentucky collaterally attacking various

3

aspects of his criminal conviction.  *See Gamble v. Commonwealth of Kentucky*, No. 3:12-CV-480-JGH (W.D. Ky. 2012); *Gamble v. Commonwealth of Kentucky*, No. 3:12-CV-483-CRS (W.D. Ky. 2012); and *Gamble v. Commonwealth of Kentucky*, No. 3:12-CV-121-TBR (W.D. Ky. 2012).  On October 1, 2012, Gamble filed another habeas petition in that court, again challenging his McCracken Circuit Court murder and robbery conviction.  *Gamble v. Commonwealth of Kentucky*, No. 3:12-CV-616-JGH (W.D. Ky. 2012).

On November 15, 2012, Judge Thomas B. Russell dismissed the § 1983 complaint Gamble filed against the Paducah Police Department, various McCracken County officials, and the Kentucky Department of Advocacy, finding that his claims either were time barred or lacked any legal basis. *See Gamble v. Commonwealth of Kentucky*, No. 3:12-CV-616-JGH (W.D. Ky. 2012) [D. E. Nos. 6 and 7, therein].  Gamble's other two § 1983 actions remain pending in that court.

## DISCUSSION

To the extent that Gamble alleges in this § 1983 proceeding that he is being "unlawfully confined" as a result of an invalid criminal conviction, *Heck v. Humphrey*, 512 U.S. 477 (1994), prevents Gamble from recovering damages against any of the named defendants because his claim is in essence nothing but a collateral attack of his criminal conviction.  *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *Id*. at 486-87.  In other words, before Gamble can seek money damages in a federal civil rights proceeding based on an unlawfully obtained criminal conviction, he must show a favorable termination of his criminal conviction, which essentially requires him to show that his conviction has been overturned or set aside.

4

Gamble cannot demonstrate a favorable termination of his criminal conviction and the resulting sentence which he is currently serving. Although Gamble's first murder and robbery conviction was reversed on appeal and remanded in February 2002, he later pled guilty to the same offenses and received a 27½ year prison sentence in December 2002. Gamble continues to argue that because the Kentucky Supreme Court reversed his first conviction and remanded his criminal case, the indictment charging him with murder and robbery became void, but he mistakenly equates that reversal with a complete termination of his criminal case. The Kentucky Supreme Court invalidated his first conviction, but that reversal did not result in the dismissal of the original murder and robbery charges in the McCracken Circuit Court. Instead of going to trial again, Gamble pleaded guilty and received a 27½ year sentence, which was less than the sentence he received the first time he was convicted. Gamble's second conviction and resulting sentence have not been reversed, set aside, or called in to question in any state or federal habeas corpus proceeding despite Gamble's unsuccessful efforts to collaterally challenge his conviction. Accordingly, Gamble is currently serving a lawfully imposed sentence, and he has not been kidnaped, forced into peonage, or unlawfully confined by KDOC officials or any of the defendants he has sued in this § 1983 action.

The *Rooker-Feldman* doctrine also bars Gamble's claims against the defendants. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). A party raising a federal question must appeal a state court decision through the state system

5

and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486-87; *Patmon*, 224 F.3d at 509-10. A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *Patmon*, 224 F.3d at 509-10; *Catz*, 142 F.3d at 293.

Gamble's claims in this action are inextricably intertwined with his state court criminal conviction, and essentially amount to an impermissible appeal of his state court criminal judgment. *See Payette v. Royal Oak Police Dept.*, No. 04-CV-10294, 2005 WL 2671333, at *6-7 (E. D. Mich. September 13, 2005) (dismissing under *Heck* and *Rooker-Feldman* doctrines plaintiff's Fourth Amendment civil claims challenging his underlying detention, arrest, and criminal conviction). Gamble can not recover damages in this action because such a recovery would be premised on a finding that the state court wrongly decided the issues before it, and the *Rooker-Feldman* doctrine prohibits such a result. For these reasons, Gamble's § 1983 complaint fails to state a claim upon which relief can be granted and will be dismissed.

To the extent that Gamble may be objecting to the specific manner in which his sentence is being executed, such as the KDOC's calculation of his maximum or minimum expiration dates, he can not recover damages in this § 1983 proceeding. To advance such a claim, Gamble must assert such claims in a state court proceeding, and after exhausting his state court remedies, he may file a

6

habeas petition in federal court under 28 U.S.C. § 2241.  *Collins v. Million*, 121 F. App'x 628, 630-31 (6th Cir. 2005); *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004); *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Bennie L. Gamble, Jr.'s Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

2.      The Court will enter a separate judgment.

3.      This matter is **STRICKEN** from the active docket.

Dated this 27th day of November, 2012.

Signed By:

*Karen K. Caldwell*

**United States District Judge**